Johnny Darryl TURNBOE,
Petitioner–Appellant,

v.

Dave GUNDY, Warden, Respondent–
Appellee.

No. 01–1332.

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before RYAN and COLE, Circuit
Judges; WILLIAMS, District Judge.*

Johnny Darryl Turnboe, a pro se Michigan prisoner, appeals the district court order dismissing without prejudice his ac-

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

tion filed as a petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Turnboe filed a petition for a writ of habeas corpus in January 2001. He alleged that he was transferred to the Oaks Correctional Facility ("ECF") in Eastlake, Michigan, in violation of Fed. R.App. P. 23(a), his First Amendment right of access to the courts, and his Fourteenth Amendment right to due process. According to Turnboe, when he was transferred in November 1999 he had a habeas petition pending in the United States District Court for the Eastern District of Michigan. The district court sua sponte dismissed the instant petition without prejudice, concluding that Turnboe should have brought his challenges to the conditions of his confinement in a civil rights action pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 498–99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

In his timely appeal, Turnboe argues that his civil rights claims are cognizable in a habeas corpus petition.

 This court reviews de novo a district court's legal conclusions in habeas corpus actions and reviews its factual findings for clear error. *See Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). Upon review, we conclude that the district court properly dismissed Turnboe's petition. When a prisoner challenges the conditions of his or her confinement but not the fact or length of his custody, the proper mechanism is a civil rights action under 42 U.S.C. § 1983. *Preiser*, 411 U.S. at 499, 93 S.Ct. 1827; *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991). In this case, Turnboe objected to his transfer and his lack of access to legal materials. These are conditions of confinement claims that should have been brought under § 1983. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (section 1983 due process claim challenging transfer); *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) (section 1983 claim of First Amendment right of access to the courts).

 In the alternative, even if Turnboe's pleading were construed as a § 1983 complaint, his claims are frivolous because they lack an arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). His transfer does not implicate a Fourteenth Amendment liberty interest because a prisoner has no right to be incarcerated in a particular prison. *See Meachum*, 427 U.S. at 225, 96 S.Ct. 2532; *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir.1998). Moreover, Turnboe did not allege a viable denial of access to the courts claim because he did not demonstrate any actual prejudice to pending or contemplated litigation. *See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Finally, his allegation that his transfer violated Fed. R.App. P. 23(a) does not entitle him to relief in this action. If in fact Turnboe was transferred in violation of the rule, his remedy lies in his other habeas case.

For the foregoing reasons, we affirm the district court's order dismissing Turnboe's petition without prejudice. Rule 34(j)(2)(C), Rules of the Sixth Circuit.